IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBIN R. MCINTYRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-750-GMS |
| | ) |
| CITY OF WILMINGTON, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

The plaintiff, Robin McIntyre ("McIntyre"), filed this lawsuit alleging employment discrimination pursuant to 28 U.S.C. § 1331, the federal question jurisdiction statute. McIntyre appears *pro se* and was granted leave to proceed without prepayment of fees. (D.I. 4) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915.

**I. BACKGROUND**

McIntyre alleges employment discrimination on the basis of race. More particularly, she alleges that she was dismissed from employment after eighteen years for simultaneously performing duties at another job, while another former employee was offered early retirement for the same actions. (D.I. 2, ¶ 9.) The complaint indicates that McIntyre "will file charges" with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at ¶ 6.)

**II. STANDARD OF REVIEW**

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An

action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In performing its screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

McIntyre is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting

*Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because McIntyre proceeds *pro se*, the pleading is liberally construed and the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### III. DISCUSSION

It is apparent from the complaint that McIntyre alleges employment discrimination on the basis of race, pursuant to Title VII, 42 U.S.C. §§ 2000e-2 2000e-5. Title VII addresses discrimination based upon race, color, religion, sex, or national origin. Title VII requires exhaustion of administrative remedies prior to filing suit in federal court. *See* 42 U.S.C. § 2000e-5(e)(1). Nonexhaustion constitutes a possible ground for dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Phillips v. Sheraton Society Hill,* 163 Fed. Appx. 93, 94 (3d Cir. 2005) (citing *Anjelino v. New York Times Co.*, 200 F.3d 73, 88 (3d Cir. 2000)).

Exhaustion requires both consultation with an agency counselor and filing a formal EEOC complaint within the required time. *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1977); *see also Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 115 n.14 (3d Cir. 2003). The aggrieved person is not permitted to bypass the administrative process. *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398 (3d Cir. 1976) (citations omitted). The jurisdictional prerequisites to the filing of a suit under Title VII are the filing of charges with the EEOC and the receipt of the notice of the right to sue letter. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792,

798-99 (1973); *Ostapowicz*, 541 F.2d at 398; *Tlush v. Manufacturers Res. Ctr.*, 315 F. Supp. 2d 650, 655 (E.D. Pa. 2002) (attainment of a right-to-sue letter from the EEOC is a condition precedent to filing Title VII and ADA suits).

It is clear from the complaint that McIntyre has not yet exhausted the administrative remedies. Indeed, paragraph 6 indicates that charges **will be** filed with the EEOC. Because the complaint does not assert the exhaustion of administrative remedies, the complaint will be dismissed without prejudice to McIntyre's right to pursue relief later in federal court after administrative remedies are exhausted. *See Robinson*, 107 F.3d at 1022 (3d Cir. 1977)(a motion to dismiss a Title VII lawsuit for failure to exhaust administrative remedies should be treated as a motion to dismiss for failure to state a claim). McIntyre will be given leave to amend the complaint.

## IV. CONCLUSION

Based upon the foregoing analysis, the court will dismiss the complaint without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). McIntyre proceeds *pro se* and, therefore, will be allowed to amend the complaint to allege exhaustion of administrative remedies. McIntyre's motion to recuse will be denied. (D.I. 5.) An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

Jan 30, 2008
Wilmington, Delaware

4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBIN R. MCINTYRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-750-GMS |
| | ) |
| CITY OF WILMINGTON, | ) |
| | ) |
| Defendant. | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 30 day of Jan., 2009, for the reasons set forth in the Memorandum issued this date,

1. The complaint is **dismissed** without prejudice to the plaintiff's right to pursue relief later in federal court after administrative remedies are exhausted, pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The plaintiff is given leave to amend the complaint. The amended complaint shall be filed within **thirty days** from the date of this order. If an amended complaint is not filed within the time allowed, then the case will be closed.

3. The motion to recuse, on the grounds that the undersigned has presided over other cases involving the plaintiff, is **denied**. (D.I. 5.)

CHIEF, UNITED STATES DISTRICT JUDGE