IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBIN R. MCINTYRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-750-GMS |
| | ) |
| CITY OF WILMINGTON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

## I. INTRODUCTION

The plaintiff, Robin R. McIntyre ("McIntyre"), who proceeds *pro se*, filed this lawsuit on

October 3, 2008, alleging employment discrimination by reason of race pursuant to Title VII of

the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2 - 2000e-5. (D.I. 2.) Before the court is the

defendant City of Wilmington's ("City") motion to dismiss and McIntyre's response thereto.

(D.I. 18, 19, 22, 23, 24.)[1] For the reasons that follow, the court will grant the motion.

## II. BACKGROUND

McIntyre alleges employment discrimination on the basis of race. More particularly, he

alleges that he was dismissed from employment, after eighteen years, for simultaneously

performing duties at another job, while another former employee of a different race was offered

early retirement for the same actions. (D.I. 2, ¶ 9.) McIntyre states in the complaint that he "will

file charges" with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at ¶ 6.) The

court, *sua sponte,* dismissed the complaint without prejudice and gave McIntyre leave to amend

---

[1]On January 6, 2011, McIntyre filed a sur-reply without seeking leave of court. (*See* D.I. 24.)

the complaint to allege exhaustion of administrative remedies. (D.I. 6.) When he failed to timely

amend, the complaint was dismissed and the case closed. (D.I. 7.) Thereafter, McIntyre moved

to reopen the case, but the motion was denied. (D.I. 8, 9.) McIntyre appealed the order denying

the motion to reopen and the appellate court vacated the order and remanded the case for further

proceedings. (D.I. 14.) Following service, the City filed the pending motion to dismiss pursuant

to Fed. R. Civ. P. 12(b)(6). (D.I. 18.)

## III. STANDARD OF REVIEW

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim

upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual

allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff.

*Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S.

89, 93 (2007). Because McIntyre proceeds *pro se*, his pleading is liberally construed and his

complaint, "however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See*

*Ashcroft v. Iqbal*, –U.S.– , 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

(2007). When determining whether dismissal is appropriate, the court conducts a two-part

analysis. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and

legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-

pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court

must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has

a "plausible claim for relief." *Id.* at 211; *see also Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at

570. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

The City moves for dismissal on the grounds that McIntyre failed to timely file a charge of discrimination with the EEOC or the Delaware Department of Labor ("DDOL") and the alleged discrimination is not protected by Title VII or any other statute.

## IV. DISCUSSION

The complaint, filed October 3, 2008, alleges that the discriminatory acts occurred on April 10, 2006. (D.I. 2.) As of the date the complaint was filed, McIntyre had not begun to exhaust his administrative remedies. The complaint states that he "will file charges EEOC." (*Id.*) McIntyre alleged that he "was discharged from employment after [eighteen] years for performing duties at another job simultaneously. While another x-employee was offered early

retirement for same actions." (*Id.*) McIntyre filed a charge of discrimination with the DDOL on December 31, 2008. (D.I. 19, ex. A.) A right to sue letter was issued on May 5, 2009. (D.I. 8.)

The City moves for dismissal on the ground that McIntyre did not timely file his charge of discrimination. McIntyre responds that "this is just another attempt to down play the importance of bringing to justice one of the many injustices perpetrated once again by the defendant on what they deem to be another defenseless one time city employee of almost [twenty] years." (D.I. 22.) He asks the court "not to even consider a dismissal of [the] lawsuit." (*Id.*)

McIntyre filed his charge of discrimination on December 31, 2008. The complaint alleges that the discriminatory conduct occurred on April 10, 2006. The charge of discrimination states that McIntyre was employed until October 4, 2006, and that the discrimination took place from then until December 1, 2008, when he discovered that the City had permitted a white employee, terminated in 2004 for violation of dual employment, to retire with a pension and other benefits, while McIntyre was terminated for the same reason without benefits. (D.I. 2, ex. A.) The City contends that the charge was filed more than a year following the three hundred day statutory limit and there are no grounds for tolling the limitations period. McIntyre did not address the limitation period in his response.

A Title VII plaintiff in a "deferral state" such as Delaware must file a charge of discrimination with the EEOC or DDOL within three hundred days of the alleged unlawful conduct. *See* 42 U.S.C. § 2000e-5(e); *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000); *Ohemeng v. Delaware State Coll.*, 643 F. Supp. 1575, 1580 (D. Del. 1986); *see also Lacy v. National R.R. Passenger Corp.*, 254 F. App'x 934 (3d Cir. 2007) (not published). In an

-4-

employment discrimination case, the claim accrues when the plaintiff suffers the adverse employment action at the hands of his employer, since "at that point [a plaintiff] [knows] both of his injury - the discharge - and the cause of his injury - [defendant's] decision to terminate his employment." *Wastak v. Lehigh Valley Health Network*, 342 F.3d 281, 287 (3d Cir. 2003). "It is well established that for purposes of filing a charge alleging unlawful discharge, the limitations period must be measured from the date on which the employee was advised of the decision to terminate . . . [his] employment." *Bailey v. United Airlines*, 279 F.3d 194, 198 (3d Cir. 2002); *see also Delaware State Coll. v. Ricks*, 449 U.S. 250, 258 (1980); *Watson*, 235 F.3d at 855.

The "discovery rule" operates to toll the running of the limitations period until the plaintiff has notice (actual or constructive) that he or she has been wronged by another. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1386 (3d Cir. 1994). The application of the discovery rule depends on a plaintiff's knowledge of actual injury, not on his or her knowledge of legal injury. *Podobnik v. United States Postal Serv.*, 409 F.3d 584, 590 (3d Cir. 2005). The discovery rule delays the start of the limitations period, but only until the plaintiff has discovered (1) that he or she has been injured, and (2) that his or her injury has been caused by another party's conduct. *New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1124 (3d Cir. 1997). It does not delay the start of the limitations period until the plaintiff discovers that the precise legal nature of his or her injury implicates a particular statutory prohibition. *Podobnik*, 409 F.3d at 590-591.

McIntyre was aware of his actual injury (*i.e.*, his employment termination) as of either April 10, 2006 or October 4, 2006. At the time he filed his complaint he alleged that he was discriminated against, based on his race, when he was fired but another employee was offered

early retirement for the same actions. It is of no significance that he may not have realized until December 2008 that his race may have been a motivating or determinative factor in the decision not to provide him retirement benefits.[1] The applicability of the discovery rule turns on one's awareness of his injury, not on his awareness of the legal significance of that injury. *Podobnik,* 409 F.3d at 590-591. Hence, the discovery rule does not save McIntyre's claim.

Nor does equitable tolling aid McIntyre. The time limitations set forth in Title VII are not jurisdictional and, therefore, may be modified by equitable concerns, such as tolling. *Oshiver,* 38 F.3d at 1387 (citing *Hart v. J.T. Baker Chem. Co.,* 598 F.2d 829, 831 (3d Cir. 1979)). The doctrine of equitable tolling stops a statute of limitations period from running after a claim has accrued, but should be applied "sparingly." *Podobnik,* 409 F.3d at 591 (citations omitted); *see also Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96 (1990) ("We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.").

In Title VII cases, the plaintiff bears the burden of proving that equitable tolling applies. *Podobnik,* 409 F.3d at 591. There are three principal situations in which equitable tolling is appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action, and that deception causes non-compliance with an applicable limitations provision; (2) where the plaintiff in some extraordinary way has been prevented from asserting

---

[1]The charge of discrimination states that it was not until December 2008 when McIntyre discovered a white employee was allowed to retire with benefits and not discharged. It is obvious that McIntyre was aware of the issue prior to that time inasmuch as his complaint, dated October 3, 2008, contains the same allegations.

his rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. *Oshiver*, 38 F.3d at 1387 (citations omitted).

McIntyre did not raise equitable tolling. Regardless, the court has reviewed the record and concludes that there is no basis to equitably toll the limitations period of McIntyre's discrimination claim that accrued on either April 10 or October 4, 2006.

McIntyre did not timely file his charge of discrimination. Therefore, the court will grant the City's motion to dismiss.[3]

## V. CONCLUSION

For the above reasons, the court will grant the motion to dismiss. (D.I. 18.) An appropriate order will be issued.

_Jan 1 8_ , 2011
Wilmington, Delaware

CHIEF, UNITED STATES DISTRICT JUDGE

---

[3]Inasmuch as McIntyre's claims are time-barred, the court will not address the other grounds for dismissal raised by the City.

-7-